UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT MICHAEL KOCH,

          Petitioner,

v.   Case No. 5:05-cv-193-Oc-10GRJ

WARDEN, FEDERAL CORRECTIONAL COMPLEX, COLEMAN-LOW,

          Respondent.

## ORDER OF DISMISSAL

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 1651. The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging a conviction and sentence imposed in the United States District Court for the Southern District of Florida. Specifically, Petitioner alleges that he is not the same Robert Michael Koch named in the criminal indictment in Southern District of Florida case number 99-8145-CR-Huck. Because Petitioner is currently being detained pursuant to the conviction and sentence in that case, Petitioner contends that the Respondent is deprived of jurisdiction over his person. Accordingly, Petitioner alleges that his confinement is unconstitutional and seeks immediate release.

## All Writs Act

Petitioner purports to bring his claim solely under the All Writs Act, 28 U.S.C. § 1651. Petitioner states that this court is not to construe this case as a petition under 28 U.S.C. § 2241 nor as a motion to vacate under 28 U.S.C. § 2255.

> The All Writs Act provides that "[t]he Supreme Court and all Courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act enables federal courts to issue such commands "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. N.Y. Tel., 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). The Supreme Court has also stressed, however, that the All Writs Act does not authorize courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43, 106, S.Ct. 355, 88 L.Ed.2d 189 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id.[1]

In this case, there are two statutory provisions that authorize the district court to issue a petition for writ of habeas corpus as to a federal prisoner. The first statute is 28 U.S.C. § 2241 which generally grants the district court the authority to grant a writ of habeas corpus on the ground that a prisoner is "in custody in violation of the Constitution, or laws or treaties of the United States."[2] The second statute is 28

---

[1] United States v. Perry, 360 F.3d 519, 533 (6th Cir. 2004).

[2] See 28 U.S.C. § 2241(c)

U.S.C. § 2255 which grants the district court the power to release a federal prisoner on the ground that his sentence "was imposed in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[3] Therefore, despite the Petitioner's labeling of this case as a petition pursuant solely to the All Writs Act, Petitioner's case clearly should have been filed under the one of the more specific statutory provision, which in this case is either § 2255 or § 2241.

## 28 U.S.C. § 2255 and 28 U.S.C. § 2241

Typically, a federal petitioner attacking the validity of his federal sentence, must file a petition under § 2255.[4]  However, under the savings clause of § 2255, a federal prisoner may file a § 2241 to attack his federal sentence upon a showing that § 2255 is inadequate or ineffective to test the legality of his detention.[5]  In order to do so, Petitioner must show that:  1) the claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised

---

[3] See 28 U.S.C. § 2255.

[4] Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).

[5] Id.

in the petitioner's trial, appeal or first §2255 motion.[6]  Moreover, even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence."[7]  In this regard, "actual innocence" means factual innocence, not mere legal insufficiency.[8]

## Discussion

In this case, Petitioner's claim is premised on the allegation that he is not the same person named in the indictment.  Therefore, Petitioner contends that the sentencing court did not have the jurisdiction to convict or sentence him.  Based on this premise, Petitioner surmises that the Respondent is deprived of the jurisdiction to hold him in custody and Petitioner must be immediately released.  This is clearly an issue that should have been raised at the time of trial, at sentencing, or in a motion under § 2255.  However, Petitioner alleges that he was unaware of this claim at the time of trial and sentencing, and that § 2255 is not an appropriate or effective avenue to make this claim.[9]

Thus, the only way for Petitioner to gain review of his claims in this Court is pursuant to 28 U.S.C. § 2241.  However, Petitioner has not made the appropriate showing under the savings clause of § 2255 so as to "open the portal" to a § 2241

---

[6] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

[7] Wofford at 1244, n. 3 (citing Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604 (1998)).

[8] Bousley at 623.

[9] See Petition at 12.

proceeding. Petitioners' claim is not based upon a retroactively applicable Supreme Court decision, a holding of the Supreme Court that establishes petitioner was convicted for a nonexistent offense, nor did circuit law squarely foreclose Petitioner from bringing this claim at the time of trial, on appeal, or in a timely filed §2255 motion.  Finally, even had Petitioner meet the requirements for filing a § 2241 petition, Petitioner has failed to show his factual innocence.

## Conclusion

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DENIED with prejudice**.  The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 4th day of May 2005.

_____
UNITED STATES DISTRICT JUDGE

c:  Robert Michael Koch